# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM E. DEAN, SR.,<br>    Plaintiff | Case No. 1:11-cv-793 |
| | Spiegel, J. |
| vs | Bowman, M.J. |
| JOHN MORRELL & COMPANY, et al.,<br>    Defendants | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Byhalia, Mississippi, has filed a *pro se* complaint against John Morrell & Company and numerous other defendants. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S.at 32;

*Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct.

2

at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff's *pro se* complaint is difficult to decipher and often unintelligible. It appears that plaintiff has named the following entities and individuals as defendants: John Morrell & Company of Sioux Falls, South Dakota; "2117 Bennett Smiley Simmon and his mother Piggy an Dean;" plaintiff's oldest daughter, Joan Lewis, as well as her sons Justin and Guard Lewis, of Millington, Tennessee; the "Bank of America[] at Cooper and Young" in Memphis, Tennessee; and plaintiff's daughter, Teresa Hudio, of Memphis Tennessee. (Doc. 1, Complaint, p. 4). Plaintiff has also named the following additional defendants in the title of the complaint: "Dinnis Foster[,] President of Union Local 304A;" "Pat Kane Law Firm and Dean Nassin LLC Law;" "John Eagon[,] Company Director of John Morrell & Co;" and "Bu[tc]h Anderson[,] person[n]el director-man[a]ger of person[n]el[]." (*See* Doc. 1, Complaint, p. 1).[1] The complaint alleges:

> Law office Kesser Fink and Bean Law Firm [of] Memphis TN Corn and Kirsch Law Firm of 5050 Popular they sent a letter to John Morrell & Co. [to] advise them . . . what to do to me and my family[.] Butch Ander is person[n]el man[a]ger Mr. John Eagon company director[.] Butch Anderson made this statement that I thank like my eneme they organize a white power organization against me and my family[.] The Union Local 304A they talk bad in the plent about me[.] They got on my wife[.] They talk bad to her about me[.] They surround my house[.] They broke every wonder out of my house[.] My wife brother Marvell Cup he and a few white boys out of Vermiller College they organize the orgianzation to get me killed and they get paid[.] The Union Dennis Foster president of the Union Local 304A Dinnis Foster he took the

---

[1]The additional defendants named in the complaint's title are not listed as defendants in the substance of the complaint. (*See* Doc. 1, Complaint, p. 4).

3

> union member and organize a white power against me[.] They seperrated me and my wife[.] They broke every window out[.] They follow me every where I went[.] They killed 26 family member of mine[.] The Chief of Tennessee sepend my driven licen so I could not get a licen in no state. . . .
>
> No where in America[] I can't move to fast walking but I won't stop my respect[.] I have now lately got ran over again by a car mail black he did have some insurance of State Farm[.] [H]e broke my left need it is still sore[.] I keep a cast on it for 8 month dilling with both cases.

(Doc. 1, Complaint, pp. 5-6). Plaintiff also alleges in another portion of the complaint that his oldest daughter, Joan Lewis, "use all of my family against me to lie all but my baby girl my twin they try to help me;" and that "Bank of America[] at Cooper and Young Memphis TN . . . took 3 of my checks for 800 hundred $7100 and $600 . . . dollar that my young daught rob me with the computer." (Doc. 1, Complaint, p. 4). Plaintiff seeks the following relief: "The Court will make Tennessee pay for they wrong doing" in the amount of "two hundred and 85 million dollar[s] . . . for the life of my family;" he also requests "200 million [dollars] for breaking my legs." (Doc. 1, Complaint, p. 6).

Plaintiff's complaint fails to state a claim upon which relief may be granted by this federal court. Plaintiff's factual allegations are incomprehensible. The complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. In addition, the Court is unable to ascertain from the face of the complaint where many of the listed defendants are located or where any of the alleged offenses took place for jurisdictional and service purposes. Indeed, the complaint filed by a Mississippi resident against defendants located outside Ohio alleges no facts indicating that any cause of action may be tried in the Southern District of Ohio. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C.

4

§ 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be dismissed with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

      s/Stephanie K. Bowman
      Stephanie K. Bowman
      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM E. DEAN, SR.,<br>    Plaintiff | Case No. 1:11-cv-793 |
| vs | Spiegel, J.<br>Bowman, M.J. |
| JOHN MORRELL & COMPANY, et al.,<br>    Defendants | **REPORT AND<br>RECOMMENDATION** |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc